IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DEBORAH A. SIRMANS, :
:
    Plaintiff, :
:
vs. : Civil Action No.
: **7:04-CV-141 (RLH)**
JO ANNE B. BARNHART, :
Commissioner of Social Security, :
:
    Defendant. :

**ORDER**

    The plaintiff herein filed an application for a period of disability, Disability Insurance benefits, and Supplemental Security Income benefits on May 14, 2002; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 7, 2004. In a decision dated July 2, 2004, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

 DISCUSSION

    In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education,

and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of chronic diffuse pain syndrome with multiple neuromuscular and musculoskeletal somatizations and depression, but that plaintiff retained the residual functional capacity to perform her past relevant work as a secretary.

*Credibility*

Plaintiff states the ALJ erred in concluding that her subjective complaints of disabling symptoms were not credible to the extent alleged.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain

standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."   Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

   Plaintiff states that the ALJ selectively perused the record to focus on the sections where findings were normal or it was suggested that plaintiff lose weight, and ignored the records which supported plaintiff's testimony, specifically where Dr. Smith on November 24, 2003 noted plaintiff's complaints of leg cramps and her history of peripheral neuropathy, with severe joint pain with a history of rheumatoid arthritis.  (Tr 262-270, 275-322).

   Plaintiff also cites as error the findings that her testimony was not entitled to weight because she said she had a stroke, when she really had a TIA, and that she had a heart attack, when she actually had chest pains that were determined not to be a heart attack.  (Tr. 22).

   The ALJ found that the plaintiff had

> consistently alleged that she has rheumatoid arthritis, a heart condition, and most recently that she had a stroke and heart attack in January and April of 2004.  There is no evidence in the medical record with respect to the 2004 stroke or heart attack.  Otherwise, the incredibly large number of diagnostic tests and physician's reports weigh heavily against her.  All of the many diagnostic reports contained in the medical record have returned normal, or at the most, mild results.  In addition, not one of her physicians from the DDS has opined in favor of the claimant's allegations.  Moreover, after the claimant's January, 2004 hospitalization, Dr. Smith, like others, recommended that claimant exercise and lose weight.

   The medical evidence shows that plaintiff's TIA was a mild event, and that it resolved during

her three-day admission at South Georgia Medical Center.  (Tr. 275).  Stroke protocol and a CT and MRI scan of the head performed during her stay were normal.  (Tr. 275-277).  There is no evidence that plaintiff had ever had a TIA before or since this event.  Moreover, plaintiff has not shown how her TIA impacted her ability to perform her past relevant work.

Additionally, although plaintiff testified that she had a heart attack in April of 2002, there was no objective medical evidence of such before the ALJ.  Instead, this evidence was submitted to the Appeals Council, despite the fact that the evidence was in existence prior to the decision of the ALJ.

Plaintiff fails to identify any statements from medical sources describing functional limitations from her peripheral neuropathy or her rheumatoid arthritis that would preclude her from performing her past relevant work as a secretary.  It is the functional limitations imposed by a condition, not the mere diagnosis, that determine disability.  Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987).

Thus the undersigned finds that the finding that plaintiff's subjective complaints were not credible to the extent alleged was based upon substantial evidence.

*New Evidence*

Plaintiff alleges that new evidence justifies remand for consideration by the Commissioner.  New evidence submitted to the Appeals Council subsequent to the ALJ's decision is part of the administrative record.  Keeton v. Dept. of Health and Human Services, 21 F.3d 1064 (11th Cir. 1994).  The court may review this additional evidence to determine whether it warrants a remand.  42 U.S.C. § 405(g).  To obtain a remand, however, the plaintiff must show that: 1) the evidence is new and noncumulative; 2) the evidence is material; and 3) there was good cause for

failure to submit the evidence to the ALJ.  Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986).  Material evidence is that which has a reasonable possibility of altering the ALJ's decision.  Wright v. Heckler, 734 F.2d 696 (11th Cir. 1984).

   Here the new evidence consists of medical records from plaintiff's hospitalization at South Georgia Medical Center in April of 2004, where plaintiff was diagnosed with chest pain (rule out myocardial infarction) and with multiple risk factors for coronary artery disease and hypertension.

  Plaintiff also submits office notes and a letter from Dr. Smith, plaintiff's internist, who noted that plaintiff had rheumatoid arthritis, which, along with plaintiff's other conditions, prevents her from performing her normal daily activities.  (Tr. 351).  Plaintiff also submitted treatment notes from neurologist Dr. Posas, who noted on June 14, 2004 that plaintiff suffered from polyneuropathy with superimposed median nerve entrapment and rheumatoid arthritis. (Tr. 346-350).

   However, all of these records were in existence prior to the July 2, 2004 decision by the ALJ.  In support of the submission of this new evidence, plaintiff states in her brief that the records had not been transcribed or copied in time for inclusion in the record.  Plaintiff does not, however, show where the ALJ was informed of the existence of these records, or asked to hold the record open so that the records could be considered by him once they were made available.

   "Congress plainly intended that remands for good cause should be few and far between...."  Evangelista v. Secretary of Health and Human Services, 826 F.2d 136, 141 (1st Cir.1987).  The undersigned declines to remand this matter based upon new evidence where the plaintiff has not shown show good cause for failing to submit the evidence to the ALJ when they were in

existence prior to the ALJ's decision.

    Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 24th day of March, 2006.

                                                      //S Richard L. Hodge
                                                      RICHARD L. HODGE
                                                      UNITED STATES MAGISTRATE JUDGE

msd